UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NOV 23 2007

| | | |
|---|---|---|
| HAROLD L. TINEYBEY, LARRY JOHNSON, KEITH NEWELL, SCOTT ROOTS, JOHN TITELBACH,<br>Plaintiffs | ) ) ) ) ) | JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |
| VS. | ) ) | CASE No. 07-3315 |
| Sec. CAROL ADAMS, LARRY PHILLIPS, EUGENE McADORY, BRAIN THOMAS, THOMAS MONAHAN, DARRELL SANDERS,<br>DEFENDANTS | ) ) ) ) ) | The case number will be assigned by the<br><br>JURY TRIAL UNDER 7th AMENDMENT DEMANDED |

## COMPLAINT*

This Complaint is brought under 42 U.S.C. 1983 against state, county or municipal defendants.

### FOURTH AMENDMENT VIOLATION

This is a Civil Rights Complaint brought by the Plaintiffs to seek redress for the violation of our Civil, Constitutional and Statutory Rights as secured by and guaranteed them under the 4th and 14th Amendments to the United States Constitution.

The violation of state law, as will be alleged can be adjudicated by the Court where the Plaintiffs now moves this Court to invoke its pendent jurisdiction over matters of state law. This Complaint is authorized by 42 U.S.C. sec. 1983.

### AMENDMENT 7

In Suites at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

### AMENDMENT 14

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, or causes to be subjected, any citizen of the United States or other person within the jurisdiction of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable in an action at law, suit in equity, or other proper proceeding for redress.....

brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

- ☒ 42 U.S.C. §1983 (state, county or municipal defendants)

- ☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- ☒ Other federal law:   FOURTH AMENDMENT VIOLATION

- ☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

   Full Name:   HAROLD LEE TINEYBEY, LARRY JOHNSON, KEITH NEWELL, SCOTT ROOTS, JOHN TITELBACH

   Prison Identification Number:   CIVILLY COMMITTED AND CIVILLY DETAINED

   Current address:   ILLINOIS DEPARTMENT OF HUMAN SERVICES, TREATMENT AND DETENTION FACILITY

   R.R.1, P.O. BOX 6 - A, RUSHVILLE, ILLINOIS 62681

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

   Defendant #1:

   Full Name:   Secretary CAROL L. ADAMS

2

pp

Current Job Title: Secretary of the ILLINOIS DEPARTMENT OF HUMAN SERVICES

Current Work Address: Harris Building, Third Floor

100 South Grand Ave. East, Springfield, Illinois 62762

Defendant #2:

Full Name: LARRY PHILLIPS

Current Job Title: FACILITY DIRECTOR AT THE DHS TREATMENT AND DETENTION FACILITY

Current Work Address: R.R.1, P.O. Box 6 -A

RUSHVILLE, ILLINOIS 62681

Defendant #3:

Full Name: EUGENE McADORY

Current Job Title: ACTING SECURITY DIRECTOR FOR DHS TREATMENT AND DETENTION FACILITY

Current Work Address: R.R.1, P.O. Box 6 -A

RUSHVILLE, ILLINOIS 62681

Defendant #4:

Full Name: BRAIN THOMAS

Current Job Title: ASSISTANCE FACILITY DIRECTOR FOR DHS TREATMENT AND DETENTION FACILITY

Current Work Address: R.R.1, P.O. Box 6- A

RUSHVILLE, ILLINOIS 62681

Defendant #5:

Full Name: THOMAS MONAHAN

Current Job Title: FORMER FACILITY DIRECTOR FOR DHS TREATMENT AND DETENTION FACILITY

Current Work Address: UNKNOWN

DEFENDANT - 6:
    FULL NAME:   DARRELL SANDERS
    CURRENT JOB TITLE:   FORMER SECURITY DIRECTOR FOR DHS TREATMENT AND DETENTION FACILITY
    CURRENT WORK ADDRESS:   UNKNOWN

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?      Yes ☐      No ■

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ■      No ☐

C. If your answer to B is yes, how many? __3__   Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number
      TINEYBEY vs PETERS III (99 C 2861), TINEYBEY vs ADAMS (03 C 7676), TINEYBEY vs. ILDOCSEU (00 C 0137)

   2. Basic claim made   THE SVPCA EVALUATION: RELIGION ; UNJUSTIFIED PUNISHMENT AND CONDITION OF FACILITY

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)   First- Dismissed; Second- Settled; Third Settled

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint*

*and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ■   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☐   No ■

If your answer is no, explain why not  This issue has been previously raised by other residents and rejected by the Defendants. (2) There is a written policy directing routine searches and per the grivance

C. Is the grievance process completed?   Yes ☐   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

Date(s) of the occurrence _____

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

   Plaintiff's, are and at all times relevant have been civilly committed persons at the Rushville Treatment and Detention Facility at Rushvill, Illinois. The Act under which we are held is civil in nature. (See 725 ILCS 207/20 & 25).

5

B 1. <u>procedures, Residents are not allowed to grieve policy at the TDF.</u>
   <u>(3) Plaintiffs are not Prisoners in the prison context, Therefore the PLRA does not apply.</u>

    Pliantiffs request the COURT to take Judicial Notice that TDF Residents/Patients who have brought litigation have been Retaliated against by TDF OFFICIALS.

The Facility Director (Larry Phillips) and Security Director (Eugene McAdory) and their predecessors, Thomas Monahan and Darrell Sanders have implemented a policy where the Plaintiff's rooms are routinely searched by uniformed security staff. These searches occur on a frequent and regular basis.

The searches involve the guards rummaging through Plaintiff's clothing, personal belongings, personal and legal mail, bedding, dresser, electronics and inspection of the physical plant layout of the room (windows, plumbing, fixtures etc.)

Frequently, when residents rooms are searched, items are seized and incident reports are written that result in referrals to the Behavior Committee for proceedings. The seizure of purported unauthorized items are documented in the clinical file and used later by state evaluators to obtain or sustain civil commitment.

The room searches or "shakedowns" are also recorded on "Room Shakedown Record" (Illinois State Form #IL-462-5600(N-08-03)(E) at the bottom of the room shakedown record are boxes to be checked by the staff including an indication that reads "Refer for Criminal Charges" : Yes ( ) No ( )" (See Attached).

The civilian Plaintiff's have a Constitutional Right under the Fourth Amendment of the United States Constitution not to be subjected to searches that directly state a criminal prosecution objective, absent probable cause and issuance of a warrant.

The Plaintiff's are not held in prison. They are not subject to the same punitive conditions or relinquishment of his rights as a person convicted of a crime and who is serving a sentence for a felony, as has been held by Federal Courts addressing civil commitment schemes.

The State cannot have it both ways, ExPost Facto and Double Jeopardy prohibitions cannot be avoided by labeling a law civil only to then impose the

6

same or harsher conditions of confinement as imposed upon persons imprisoned for felonies.

Civil means civil with all the rights that accompany it.

Plaintiff's are entitled to the same constitutional protections as any other civilian. We are entitled to Fourth Amendment protections not viewed in a prison context. Plaintiff's asserts that even prison inmates retain a minimal degree of Fourth Amendment protections in their cells.

Cases have been decided that address the limited rights of prison inmates in their cells. (Example <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). While imprisonment for a felony carries with it the circumspection or loss of many significant rights. Those expected reductions of constitutional rights do not apply to the civilly held, patients plaintiff's.

The Plaintiff's have a justifiable expectation of privacy. We are registered voter with all of our rights restored. We are not on any form of parole or under any form of penal sanctions. The rummaging for evidence to be used in a criminal prosecution against the civilly held patient plaintiff's violates the Fourth Amendment to the United States Constitution.

In addition Plaintiff's claim a violation of their Due Process and Equal Protection Rights because other patients, held by the same department, are not subject to prison-like room shakedowns with the direct stated intention of rummaging for evidence to be used for a criminal prosecution or continued civil commitment.

Plaintiff's constitutional rights, and those of other mental health patients at the Rushville Treatment and Detention Facility are violated on a daily basis by defendents.

7

gathering for criminal prosecution, the protections of the 4th Amendment are clearly implicated. The Plaintiffs also assert that if the Plaintiffs refuse to surrender to these searches, that Defendants Adams, Phillips, Thomas, Monahan, Sanders and McAdory have and have had in place, a tactical assault team that will brutally assault Plaintiffs; place them into the illegal segregation unit the Defendants operate and then justify their actions by filing institutional or criminal charges/parole violations against those persons eligible for parole revocation.

In addition, the Defendants operate an electronic strip searching device known as the "Rapiscanner" and the TDF staff force the Plaintiffs to undergo electronic strip searches on occasion, during these illegal searches; before and after hospital and court writs and after visits (despite the fact that Plaintiffs are under constant view of staff at all times during any of these actions). The law that has been settled with regard to prison searches does not apply to the civilly detained patient Plaintiffs.

Plaintiffs rights have been fully restored as have their rights to seclusion by privacy of their persons, property and affects. The Defendants mistakenly think that they have unbridled authority to act as they wish despite the absence of any statutory or constitutional law upon which to justify their illegal conduct. The Defendants long-established conduct with regard to searching the Plaintiffs is unjustified where none of the Plaintiffs have ever been found in posession of any illegal or dangerous items.

9

# RELIEF REQUESTED

*(State what relief you want from the court.)*

1.) Injunctive and declaratory relief in the form of an order clearly defining Plaintiff's Constitutional Rights under the Fourth Amendment;

2.) Declaratory relief in the form of a finding that defendants have violated Plaintiff's Equal Protection Rights;

3.) That the shakedown policies of the Defendants violate Plaintiff's ExPost Facto and Double Jeopardy Rights;

4.) An order enjoining Defendants and all of their subordinates from conducting searches beyond physical plant inspection of State property unless exigent circumstances exist, based on probable cause to believe that a particular resident has particular specific dangerous items such as guns, knives, ammunition, escape related materials, explosives or narcotics in his room and that a warrant be obtained prior to any non-exigent searches;

5.) An award in punitive and compensatory damages to be determined at trial, not less than $100,000 as to each defendant, to be awarded to each Plaintiff;

6.) Any and all other relief, whether declaratory, injunctive, monetary or other as deemed appropriate by this Court.

**JURY DEMAND**    Yes [xx]    No [ ]

Plaintiffs state under penalty of perjury that all claims hereinabove are true and correct;

*Larry Johnson* (signature)
Larry Johnson

*Keith E. Newell* (signature)
Keith Newell

*John Tittelbach* (signature)
John Tittelbach

**Signed this** ___9th___ day of ___November___, 20_07_.

*Scott Roots* (signature)
Scott Roots

*Harold L. Tiney-Bey* (signature)
Harold L. Tiney-Bey
*( Signature of Plaintiff)*



# State of Illinois
## Department of Human Services
### TREATMENT AND DETENTION FACILITY
### ROOM SHAKEDOWN RECORD

Date: 11/04/2007   Time: 1512   Room #: C2-12

Resident Name: TINEY-BEY   Room Occupied: Yes ☑ No ☐

Contraband Found:   Yes ☐ No ☑

Item(s) description and circumstances of discovery:

ALL ELECTRONICS WORK
NO CONTRABAND FOUND
3 VIDEO TAPES TO BE REVIEWED BY STA II MCCALLA

Witness: RW

Is the information documented in the clinical file?   Yes ☐ No ☐
Was an incident report written?   Yes ☐ No ☐

STA signature: _____   Date: 11-4-07   Time: 1543

Administrator: _____   Date: 11/4/07   Time: 1555

Check One:   Major ☐  Minor ☐

Referred to the Behavior Committee:   Yes ☐ No ☐

Disposition:

Recommendation:

Status Change   Yes ☐ No ☐      Referral for criminal charges:   Yes ☐ No ☐

IL-462-5600 (N-08-03) E      Original - Chart      Yellow - File      Pink - Resident